(102 So. 617)

McCONNELL–WHITE–TERRY REALTY & INS. CO. v. FIDELITY & DEPOSIT CO. OF MARYLAND.   (6 Div. 237.)

(Supreme Court of Alabama.   Jan. 15, 1925.)

1. Insurance ☞146(3)—Construction most favorable to beneficiary adopted if language of indemnity bond reasonably susceptible of two sensible constructions.

If language of indemnity bond is reasonably susceptible of two sensible constructions court will generally adopt that one most favorable to beneficiary, if consistent with objects for which bond is given.

2. Insurance ☞389(7)—Legal effect of issuing policy of insurance or contract of indemnity on answers as they stand when received from insured, stated.

Legal effect of issuing policy of insurance or contract of indemnity on answers in application as they stand when received from insured is to eliminate unanswered questions,. and to waive any objections on ground of defects in answers given.

3. Contracts ☞147(1)—Must be given effect according to intention of parties.

Contracts must be given effect according to parties' intention, and no construction can be availed of to refine away terms expressed with sufficient clearness to convey parties' meaning, and embodying requirements compliance with which is made condition to liability thereon.

4. Insurance ☞146(2)—Terms of policy constitute measure of insurer's liability.

Terms of policy constitute measure of insurer's liability, and, in order to recover, assured must show himself within those terms.

5. Insurance ☞332(2) — Questions and answers in application for contract of indemnity on insured's cashier and bookkeeper construed.

Warranties in questions and answers in application for contract of indemnity on insured's cashier, that books would be audited once a year and verified by public accountant with funds on hand and in bank, held to mean that insured's promissory warranty was that once a year at least books and accounts of cashier would be audited and verified by reference to cash in hand and bank.

6. Insurance ☞640(2)—Plea not insufficient by alleging only that insured failed to have an audit of employee's books by a public accountant.

In action on indemnity contract on insured's cashier, insurer's plea that insured failed to have an audit of employee's books by a public accountant was not insufficient, where warranty was that insured would have an audit verified by reference to cash in hand and bank.

Appeal from Circuit Court, Jefferson County;   Richard V. Evans, Judge.

Action on guaranty bond by the McConnell-White-Terry Realty & Insurance Company against the Fidelity & Deposit Company of Maryland.   From adverse judgment on pleading, plaintiff takes a nonsuit and appeals.   Affirmed.

Nesbit & Sadler, of Birmingham, for appellant.

If the language of the bond is reasonably susceptible of two constructions, that one will be adopted which is most favorable to the beneficiary.   3 Cooley's Briefs on Ins. 2634; Ill. Surety Co. v. Donaldson, 202 Ala. 183, 79 So. 667; Amer. Sur. Co. v. Pauly, 170.

U. S. 133, 18 S. Ct. 552, 42 L. Ed. 977; Ala. Fid. Co. v. Ala. Bank, 200 Ala. 337, 76 So. 103; 14 R. C. L. 926 (9); 21 R. C. L. 1161 (3); Hormel v. Am. B. Co., 112 Minn. 288, 128 N. W. 12, 33 L. R. A. (N. S.) 513; Ballard County Bank v. U. S. Fid. Co., 150 Ky. 236, 150 S. W. 1, Ann. Cas. 1914C, 1208. A surety, accepting an ambiguous application, can take nothing on account of such imperfection; the ambiguity will be resolved in favor of the beneficiary, and unanswered questions treated as not asked. 3 Cooley's Briefs, 2635; Sterling L. I. Co. v. Rapps, 130 Ill. App. 121; Buffalo Co. v. Mutual Co., 83 Conn. 393, 76 A. 995; Peoria Co. v. Perkins, 16 Mich. 380; Manhattan Co. v. Willis Co., 60 F. 236, 8 C. C. A. 594; Phœnix Co. v. Raddin, 120 U. S. 190, 7 S. Ct. 500, 30 L. Ed. 644; Ætna Co. v. France, 94 U. S. 567, 24 L. Ed. 287. The audit promised need not be by a public accountant. Prosser Co. v. U. S. F. & G. Co., 73 Wash. 304, 132 P. 48; Sou. Sur. Co. v. Tyler, 30 Okl. 116, 120 P. 936; Title Guar. Co. v. Nichols, 224 U. S. 346, 32 S. Ct. 475, 56 L. Ed. 795; Am. B. Co. v. Morrow, 80 Ark. 49, 96 S. W. 613, 117 Am. St. Rep. 72; Guar. Co. v. Bank, 80 F. 766, 26 C. C. A. 146.

Leader & Ullman, of Birmingham, for appellee.

Contracts must be given effect according to the intent of the parties. Imp. F. I. Co. v. Coos County, 151 U. S. 452, 14 S. Ct. 379, 38 L. Ed. 231; Guar. Co. v. Mechanics', etc., Co., 183 U. S. 402, 22 S. Ct. 124, 46 L. Ed. 253. If one party to a contract selects the language or writes the clause which causes an ambiguity, such language is to be construed most strongly against that party. 4 Page on Contr. § 2054; Holterhoff v. Mutual Co., 5 Ohio Dec. (Rep.) 141; Pope Metal Co. v. Sandoval Zinc Co., 148 Ill. App. 444; McElraevy & Hauck Co. v. St. Joseph's School (Mun. Ct.) 143 N. Y. S. 235.

SAYRE, J. This was an action by appellant against appellee on a bond guaranteeing the fidelity of appellant's cashier and bookkeeper. The sole question presented in argument has to do with the legal sufficiency of plea No. 10. A demurrer to this plea was overruled. To state the plea in brief, in its application for the contract of indemnity appellant entered into warranties as shown by the following questions and answers:

"Question 12. (a) What means will you use to ascertain whether his accounts are correct? "Answer: (a) Will have the books audited. "Question: (b) How frequently will they be examined? "Answer:, (b) Once a year. "Question 13. How often will his books and accounts be audited and verified with funds in hand and in bank, and by whom? "Answer: By public accountant."

The breach alleged is "that plaintiff failed to have the books audited once a year by a public accountant during the period beginning the 18th day of September, 1918, and ending the 18th day of September, 1921," the life of the contract. The substance of the argument for the demurrer is that the warranty is ambiguous, must be construed with favor to the insured, and that, so construed, it does not intend that plaintiff promised "to have the books audited once a year by a public accountant." More narrowly considered the argument is that, since in answer to the question "How often will his books and accounts be audited and verified with funds in hand and in bank, and by whom?" plaintiff answered, "By public accountant," therein ignoring that part of the question which asked, "How often," it made no promise as to how often the books and accounts of its cashier and bookkeeper would be audited by a public accountant, and so no promise to have his books and accounts audited and verified at any time before the loss alleged. It is not insisted that within the meaning of plaintiff's warranty, or warranties, there is any substantial difference, or any difference at all for that matter, between the examination and audit of books and accounts, nor does audit appear to mean either more or loss than examination. Nor does the plea take note of the verification of audits by an accounting for funds in hand or bank. It seems reasonably clear that an audit verified by an accounting for funds would tend to relieve the fidelity company of some risk to which it would be exposed if only examination without more were required, though the last-named method might also serve a valuable purpose by keeping some sort of check against the dishonesty of the employee, and we would say that consideration of this difference must be held to have been in the mind of the parties when answers to the two questions which have a common element of inquiry, viz., the frequency with which examinations or audits should be made, were required and given. Nevertheless, we think plaintiff's contention that its answer to question 13 must be considered wholly apart from its answer to question 12 (b), and so that plaintiff entered into no engagement to have the books kept by its employee examined by a public accountant once a year during the period stated in the plea—this contention, we think, cannot be successfully maintained.

[1-4] It is freely conceded that if the language of an indemnity bond is reasonably susceptible of two sensible constructions, the courts will in general adopt that one most favorable to the beneficiary, if consistent with the objects for which the bond is given—familiar law in this state—and that the legal effect of issuing a policy of in-

surance or contract of indemnity upon the answers as they stand when received from the insured is to eliminate the unanswered questions and to waive any objections on the ground of defects in the answers given. Phœnix Life Ins. Co. v. Raddin, 120 U. S. 183, 7 S. Ct. 500, 30 L. Ed. 644; 3 Cooley's Briefs, pp. 2634, 2635. Sufficient for every necessary purpose of the case in hand may be the rule that contracts must be given effect according to the intention of the parties, and no construction can be availed of "to refine away terms of a contract expressed with sufficient clearness to convey the plain meaning of the parties, and embodying requirements compliance with which is made the condition to liability thereon." Guarantee Co. v. Mechanics' Savings Bank, 183 U. S. 419, 22 S. Ct. 124, 46 L. Ed. 253. Appellee cites authority to the effect that when terms of a contract appear on their face to be inserted by or for the benefit of one of the parties, he will be considered to have chosen the language, and any ambiguity therein will be construed most strongly against him. 4 Page on Contracts, § 2054. At least it must be said that plaintiff chose the language of its answers to the questions propounded, on the faith of them defendant executed its bond of fidelity, and their meaning, taken and understood in their plain, ordinary and popular sense (Imperial Fire Ins. Co. v. Coos County, 151 U. S. 462, 14 S. Ct. 379, 38 L. Ed. 231), cannot be refined away to avoid conditions of liability thereby expressed. And in every such case it may not be improper to observe that "the terms of the policy constitute the measure of the insurer's liability, and in order to recover, the assured must show himself within those terms." Imperial Fire Ins. Co. v. Coos County, supra.

[5, 6] Our judgment is that the man in the street, reading the contract in this case with the purpose to ascertain what plaintiff intended when it answered the questions put to it by defendant, could not fail to understand that plaintiff agreed thereby to have the books kept by its employee, the subject of the contract, audited by a public accountant once a year at least. Likewise, we think, the conclusion would be that defendant requested information and a warranty as to audits to be verified by reference to funds in hand and bank, and that plaintiff's promissory warranty was that once a year at least the books and accounts of its employee would be audited and verified by reference to cash in hand and bank. And such is our conclusion. That defendant alleged in its plea only that plaintiff failed to have an audit of the employee's books by a public accountant, whereas the warranty was that plaintiff would have an audit verified by reference to cash in hand and bank, cannot be held against the sufficiency of the plea, for, obviously, if there was no audit by a public accountant, there was no such audit verified by reference to cash in hand or bank.

Plaintiff's insistence that the two answers, viz., (12) Will have the books audited once a year, and (13) By public accountant, shall be considered separately, each without reference to the other, would lead to the conclusion that the second (13) meant, and was intended to mean, nothing of any advantage to the defendant. That construction we think cannot be sustained on any solid ground, for it would mean that plaintiff promised to have the books and accounts of the insured employee audited by a public accountant and verified by reference to funds in hand and bank, but not during the life of the contract.

The ruling by which the trial court sustained the sufficiency of the plea in question was correct.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.