(121 So. 93)

## BANK OF HICKORY FLAT v. BURT & CROLEY. (7 Div. 773.)

Supreme Court of Alabama.   March 21, 1929.

H. T. Bailey, of Columbiana, and J. V. Curtis, of Ft. Payne, for appellant.

Wolfes & Crawford, of Ft. Payne, for appellee.

BOULDIN, J.   ▇ Error in sustaining a demurrer to a complaint for misjoinder of causes of action is not cured by a subsequent amendment to meet the ruling on demurrer. Such amendment is not deemed a waiver of the erroneous ruling, but is occasioned by it. The case of Age-Herald Publishing Co. v. Waterman, 188 Ala. 272, 66 So. 16, Ann. Cas. 1916E, 900, relied upon by appellee, merely holds that error in overruling defendant's demurrer to counts is cured by subsequent elimination of such counts by amendment.   It is not in point here.

Considering the demurrer on its merits, counts 1 and 2 are in assumpsit against "Burt & Croley, a partnership, and R. A. Burt and Jas. A. Croley individually and doing business in the name of Burt & Croley." The alleged demand runs against defendants thus designated.

Count 3 is on a promissory note made by Jas. A. Croley individually. The consideration of the note is alleged to be a part of the demand growing out of the partnership transactions, and to be a further and additional sum to that claimed under counts 1 and 2.

If both partners were sued for this demand, and the note brought in as additional evidence and security for the same demand as against the maker, and carrying a waiver of exemptions to that amount, we are not prepared to say such joinder would not be allowable under our liberal system of procedure. This we do not decide.

▇ But defendant Burt is in no way concerned with this note, nor the consideration for it. He cannot be required to stand by in litigation in which he has no interest.   His demurrer was properly sustained.

Plaintiff bank, in counts 1 and 2, claims $1,500 as assignees of a claim of one C. B. Wood against defendants, due for labor and material furnished in highway construction. ▇ The court, on inquiry from plaintiff, merely advised that in his view it would be safer for plaintiff to produce evidence of the assignment, and this advice was followed without exception to such ruling, if it be so regarded.   There is nothing to review on that question.

Defendants were subcontractors of the State Highway Federal Aid Project No. 133 in Winston county.   They, or Mr. Croley, after the withdrawal of Mr. Burt, arranged with C. B. Wood to do the graveling, or to haul and spread the gravel on a stretch of highway, some 19 miles in length.   It appears that later it was arranged for a Mr. Bull to do the hauling of gravel, receiving an agreed amount out of funds at first going to Wood.

When the surfacing of the road was about completed, but before it was accepted and settlement made by the state highway department, Wood withdrew and turned the project over to Mr. Croley. Certain retainages were held back by the state highway department. Wood claims in substance that a settlement was had at the time, the amount due him then agreed upon to be paid unconditionally out of the retainages when received.

Croley claims no such settlement was had; that by the contract Wood was to complete the graveling according to specifications, and on his withdrawal Croley was to maintain the road, keep it surfaced, and otherwise meet the requirements of the highway engineers until it was received, the cost to be first paid out of the retainages; that by reason of protracted rains through the winter months the entire retainage and more was consumed in such maintenance.

The trial court found for defendants on oral testimony of the witnesses.

The entire argument in brief challenging the court's finding on the facts is the following:

"The trial Court erred in its finding of facts that under Wood's contract with Defendants it became his duty to maintain the entire project at his own expense for a period of 30 days after its completion, in face of the undisputed fact that his contract was to haul and spread gravel at a given price per yard.

"Contracts are given effect according to intention of parties. McConnell-White Co. v. Fidelity Co., 212 Ala. 339, 102 So. 617. The law presumes that parties intended to make a reasonable contract."

Evidence for defendants was that Wood was to receive the contract price on graveling, less 10 per cent. and 7 per cent.; that this included all the work required to earn the contract price. This is not at all unreasonable. Indeed, Wood claims that in the alleged settlement on his withdrawal an agreed amount was deducted because of his duty to maintain.

All the transactions between Wood and defendants were in parol, a prolific source of litigation in important matters of this sort. The alleged assignment from Wood to plaintiff, with the indorsement of defendants thereon, is not in evidence. Each party charges its loss to the other. Whether it was conditioned on sufficient funds being due to Wood was for the trial court.

We see no reason to disturb his findings on the grounds argued in brief.

Other matters, not argued, need not be discussed.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.