**BETHEA v. FIDELITY PLAN CORPORATION.**

No. 6442.

United States Court of Appeals for the District of Columbia.

Argued Oct. 16, 1935.

Decided Nov. 11, 1935.

Rehearing Denied Nov. 20, 1935.

Elwood G. Hubert, of Washington, D. C., for plaintiff in error.

Charles T. Clayton, of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

PER CURIAM.

A review in error of a judgment of the Municipal Court of the District of Columbia.

The plaintiff in error, Colvin Bethea, brought suit in the Municipal Court against the Fidelity Plan Corporation, defendant in error, to recover judgment in the sum of $50, alleged to be due and owing to him because of the facts hereinafter stated. The case was tried by the court without a jury, and judgment was rendered against the plaintiff in error. This judgment is now before us for review.

The record discloses in substance that on the 13th day of February, 1932, Bethea received from the Fidelity Plan Corporation a written contract called an "annuity agreement," whereby Bethea was to pay to the corporation the sum of $10 a month for ten years, after which time he was to make no further payments and the corporation was to pay him the sum of $220 a year for ten years. Bethea made five monthly payments of $10 each to the corporation upon the annuity agreement and then lost his job and was unable to continue with the contract. He then applied to the corporation for a return of the $50 which he had already paid to it. The corporation refused to repay any part of the $50. Whereupon, Bethea brought the present action.

The annuity agreement as signed by the parties is in evidence and it contains a stipulation that no repayment of any cash value of the contract shall be made until after the monthly payments of $10 each have been continued for two years. It is argued by counsel for Bethea that the contract was inequitable in view of the uncertainty of Bethea's ability to continue to make the payments as stipulated in the agreement. No other charge, however, is made against the corporation

in the transaction, and we see no escape from the legal duty of enforcing the terms of the contract as made by the parties. Inasmuch as the corporation expressly stipulated that it should not be required to pay any cash value upon the contract until after Bethea had completed his payments for two years, we are constrained to affirm the judgment of the court below in favor of the corporation.

Affirmed.