199 So. 880

**PAN–AMERICAN LIFE INS. CO. v. PEEBLES.**

**6 Div. 474.**

Court of Appeals of Alabama.
Aug. 6, 1940.

Rehearing Denied Oct. 29, 1940.

Taylor & Higgins, of Birmingham, for appellee.

Cabaniss & Johnston and L. D. Gardner, Jr., all of Birmingham, for appellant.

SIMPSON, Judge.

This is an action in assumpsit for money had and received, seeking the recovery of premiums paid on two annuity contracts issued by appellant to appellee's husband. The pertinent provisions of the contracts are hereinafter quoted. Trial below was before the court, without jury, upon an agreed statement of facts, and judgment was rendered for appellee (plaintiff) in the sum of $698. The sole error here urged is the action of the court in rendering judgment in favor of appellee.

The contract, referred to in the stipulation of facts as Exhibit A, upon its first page contained the following agreements to pay (the contract referred to as Exhibit B was exactly similar except that, instead of August 1st, 1950, the annuity date was specified as June 1st, 1950):

"Pan-American Life Insurance Company
"New Orleans, U. S. A.

(Herein called the Company)

| Number | Premium | Annuity Payment | Age |
|---|---|---|---|
| 235–228 | $228.75 | $50.00 per month | 47 years |

"Agrees To Pay

. "Fifty and 00/100 Dollars at its Home Office to Robert Emory Peebles (herein called the Annuitant) of Birmingham, Alabama, if living on the first day of August, 1950, this contract being then in force, and

"The Company further agrees to pay to the Annuitant a like amount at the same place and on the same day of each succeeding month, during the lifetime of the annuitant, provided that at every such payment satisfactory proof shall be furnished to the Company that the Annuitant is then living; but such payments shall terminate with the last payment preceding the death of the Annuitant, and no annuity payments will be due to the Annuitant if disability payments are being made to the Annuitant if there should be any total and permanent disability clause attached to this contract, and

"The Company further agrees that, at the death of the Annuitant, the excess, if any, of the amount of premiums paid hereon over the amount of the annuity payments made and/or over the amount of disability payments made, if any total and permanent disability clause be attached hereto, will be paid without interest to Nathia Smith Peebles, his Wife, Beneficiary, (or to such other beneficiary as may be designated by the Annuitant, to receive such excess premiums, as hereinafter provided, if living, otherwise such excess premium shall be paid to the executors, administrators or assigns of the Annuitant) and such payment shall be in full settlement of all obligations under this contract to such beneficiary or beneficiaries.

"The said agreements to pay are subject to all the Benefits, Privileges and Conditions stated in this and the following pages hereof, and payable only if all premiums have been duly paid, and if this contract is in force."

Upon the same page of this contract it was also provided: "This contract is made in consideration of the payment in advance of an annual premium of Two Hundred Twenty Eight and 75/100 Dollars and the further payment of a like amount on or before the first day of August in every year thereafter until Eighteen annual premiums have been paid at the Home Office in New Orleans, U. S. A., or until the prior death of the Annuitant."

A similar provision was contained in the other contract, except for the difference in amount, due date and number of premiums.

The following recitals appeared on the second page of each contract:

"Non-Forfeiture Provision:—After three full years' premiums have been paid hereon, if default occurs in the payment of any subsequent premium, this contract will automatically become paid-up for reduced annuity payments payable at the same time and under the same conditions as are herein stipulated for the payment of annuities. The amount of each such reduced annuity payment shall be the same proportion of each original annuity payment that the period covered by the premiums paid bears to the full period required for premium payments; or, if this contract is surrendered to the Company during the lifetime of the Annuitant and before the first annuity payment becomes due, the Company will pay to the Annuitant in one sum, if not more than seven years' premiums have been paid, an amount equal to the sum of all the premiums so paid, without interest, less, however, four-fifths of the premiums received during the first year of this contract; or if more than seven years' premiums have been paid, the Company will pay an amount equal to the sum of all the premiums so paid, without interest.

"The reserve under this contract shall be computed on the basis of McClintock's Tables of Mortality Among Annuitants, with interest at three and one-half per centum ($3\frac{1}{2}\%$) per annum.

"Premiums:—Where payable—All premiums are due and payable in advance at the Home Office of the Company. The Company may, however, designate suitable persons authorized to receive said premiums at other places on or before the dates due, but only in exchange for the Company's official receipt signed by the President or Secretary and countersigned by the authorized person to whom payment is made. If any premium is not paid when due, or if any check, note, or other obligation given therefor is not promptly paid at maturity or upon presentment, this contract shall thereupon, without further notice, be void and all premiums forfeited to the Company except as herein provided."

The recitals regarding disability payments are not under consideration here, the two contracts having been issued without such benefits.

It is the contention of the appellant that, under the above-quoted provisions, the contracts, by reason of the non-payment of premiums, had become lapsed and were, at the time of the death of the annuitant, as well as upon the institution of the suit, void. This court is in full accord with this view and perceives no ambiguity in the several

agreements to pay, stipulated in the contracts, which are (1) annuity in monthly payments to appellee's husband, during his lifetime, and (2) "The Company further agrees that, at the death of the Annuitant, the excess, if any, of the amount of premiums paid hereon over the amount of the annuity payments made * * * will be paid without interest, to Nathia Smith Peebles, his wife, Beneficiary, * * * and such payment shall be in full settlement of all obligations under this contract to such beneficiary or beneficiaries."

These covenants to pay, however, are predicated upon the condition recited in the concluding paragraph of the "agreements to pay" as follows: "The said agreements to pay are * * * payable only if all premiums have been duly paid, and if this contract is in force." It appears from the agreed stipulation of facts that "all premiums" were not duly paid but ceased in their payments from May, 1934, thereby breaching the condition upon which the contracts were to remain in force and effect long before the death of the annuitant and, therefore, long before the beneficiary could have asserted rights under them. By virtue of these express recitals of the contract, wherein the company "agrees to pay," the rights of the beneficiary (plaintiff) thereunder never became operative because the condition under which such rights were reposed, i. e., due payment of all premiums, was never fulfilled. There are no other recitals of the contracts which in any way qualify these express provisions or alleviate the necessity of the payment of such premiums, and, as we construe it, the premiums paid on the contracts by the annuitant were captured for appellant under the concluding clause of the second page of the contracts above quoted, to wit: "If any premium is not paid when due, * * * this contract shall thereupon, without further notice, be void and all premiums forfeited to the Company except as herein provided."

The only exception in the contracts to the forfeiture of premiums is contained on the second page of the contracts, entitled "Non-Forfeiture Provision" (quoted in full above), which provides that "after three full years' premiums have been paid * * * if default occurs in the payment of any subsequent premium," then the following benefits accrue under the contracts: (1) automatic paid-up reduced annuity, or, (2) if the contracts be surrendered and if not more than seven years'

premiums have been paid, then payment of an amount equal to the premiums paid, less four-fifths of the first year's premium, or, (3) if more than seven years' premiums have been paid, an amount equal to the premiums paid.

It is appellee's contention, in brief by counsel ably argued, that the premiums paid are never forfeited by reason of the recital in the non-forfeiture clause: "* * * or, if this contract is surrendered to the Company during the lifetime of the Annuitant and before the first annuity payment becomes due, the Company will pay to the Annuitant in one sum, if not more than seven years' premiums have been paid, an amount equal to the sum of all the premiums so paid, without interest, less, however, four-fifths of the premiums received during the first year of this contract."

Such likewise seems to have been the view taken by the learned trial judge. This to this court seems to be a highly strained construction for the reason, others aside, that benefits under the above-quoted clause are predicated upon the inaugural recital of the "Non-Forfeiture Provision," i. e. "after three full years' premiums have been paid" on the contracts. Premiums for three full years not having been duly paid, the contracts had thereby lapsed and become void and the premiums paid were, under the terms thereof, forfeited to the company. Such seems to be the plain and unequivocal meaning of the contracts and this court's opinion is controlled by authority and law extant on the subject. Mutual Life Ins. Co. v. Barrett, 215 Ala. 142, 110 So. 275; McConnell-White-Terry Realty & Ins. Co. v. Fidelity & Deposit Co. of Md., 212 Ala. 339, 102 So. 617; Inter-Ocean Casualty Co. v. Scruggs, 24 Ala.App. 130, 131 So. 549, certiorari denied 222 Ala. 195, 131 So. 551; Continental Casualty Co. v. Ogburn, 175 Ala. 357, 57 So. 852, Ann. Cas.1914D, 377.

To adopt the view urged by the appellee would, in the opinion of this court, be to make doubtful that which is plain, and by a strained construction of the contracts read, or write into them that which obviously does not appear. This the court cannot and should not do. Northam v. Metropolitan Life Ins. Co., 231 Ala. 105, 163 So. 635, 111 A.L.R. 622; McGifford v. Protective Life Ins. Co., 227 Ala. 588, 151 So. 349, and cases there cited.

Whatever may be the court's view concerning the benefit or hardship to the an-

538

nuitant or his beneficiary under the contracts, in the light of their patent and unambiguous meaning, as demonstrated hereinabove, its terms cannot be avoided, and, in the absence of fraud or other legal or equitable grounds rendering them void or voidable, the premiums paid thereon are, under the circumstances here, not recoverable. Rishel v. Pacific Mutual Life Ins. Co., 10 Cir., 78 F.2d 881; Rinn v. New York Life Ins. Co., 7 Cir., 89 F.2d 924; Bethea v. Fidelity Plan Corporation, 65 App.D.C. 89, 80 F.2d 532; American State Bank v. National Life Ins. Co., 297 Ill.App. 137, 17 N.E.2d 256.

This court is of the opinion that the learned trial judge was in error in rendering judgment for the appellee. The judgment is therefore reversed and judgment is here rendered for appellant.

Reversed and rendered.