199 So. 883

**PAN–AMERICAN LIFE INS. CO. v. PEEBLES.**

**6 Div. 765.**

Supreme Court of Alabama.

Jan. 16, 1941.

Taylor & Higgins, of Birmingham, for petitioner.

Cabaniss & Johnston and L. D. Gardner, Jr., all of Birmingham, for respondent.

FOSTER, Justice.

This is a suit by the beneficiary in an insurance annuity contract, whose terms are set out in the opinion of the Court of Appeals. That court held that the beneficiary was not entitled to recover. We agree with the Court of Appeals, but the earnest argument of counsel for petitioner impels us to give expression to our views.

It is claimed that the beneficiary may recover, under the third agreement to pay, a certain amount by reason of an option right conferred on the annuitant in the nonforfeiture provision.

The third agreement confers on her at his death the right to a refund of all pre-miums which the annuitant had paid less annuity payments which he had received, in full of all obligations to her. But it was made subject to all the benefits, privileges and conditions stated in the contract, and payable only if all premiums have been paid, and the contract is in force. Another provision of the contract stipulated · that if any premium is not paid when due, this contract shall thereupon, without further notice, be void, and all premiums forfeited to the company except as therein provided.

The annuitant made default in the payment of premiums before three full years' premiums had been paid, and died about three years after such default, and without reinstatement, without an offer to surrender the contract to the company under the non-forfeiture provision, supra. The first monthly payment was due to be made to the annuitant under the contract on August 1, 1950, provided also all premiums shall have been paid, and the contract be then in force.

The non-forfeiture provision stipulates that "after three full years' premiums have been paid," if default occurs the contract will become automatically paid up for a reduced annuity, payable at the same time and under the same conditions, and further, as follows: "or, if this contract is surrendered to the company during the lifetime of the annuitant and before the first annuity payment becomes due, the company will pay to the annuitant in one · sum" an amount of the premium payments which had been made pursuant to a stated formula.

The beneficiary claims that this latter provision is not conditioned on the payment of three full years' premiums as is the first feature of the non-forfeiture provision. And that though he died without having made three full years' premiums, and without surrendering the policy so as to entitle him to a refund of the premiums pursuant to the stipulation, he had the privilege of doing so, and that under the third agreement to pay, such privilege vested in her, and existed though all premiums had not been paid at his death, and though the contract was not in force except to the extent of the non-forfeiture provision.

We doubt if the contract meant to confer on her the right to exercise an option conferred on him, and conditioned to be exercised in his lifetime, which was not done. It conferred a privilege which expired by its terms at his death. At most, the con-

tract only conferred on her the same rights which he had in this connection. When that right expired it was probably lost to them both. It could very well be interpreted, however, to confer on her the right to recover the amount of premiums paid by him less the amount of reduced annuity payments paid to him, if any, under the terms of the non-forfeiture provision of the contract. But that is without question conditioned only upon the fact that three full years' premiums shall have been paid. So that is eliminated, and not insisted upon.

But it is contended that under that clause a refund of premiums is available to him, if called for by him in his lifetime, or if not called for by him then to her as a "privilege" conferred on her, after his death, and that such right is not in either event conditioned upon payment of three full years' premiums. So that waiving aside all other considerations, we reach that question.

"After three full years' premiums have been paid hereon" heads the non-forfeiture paragraph. True, it appears at the beginning of the sentence which provides for a reduced amount of the annuity upon default. The next sentence contains the formula by which such reduced sum is to be computed with a semi-colon, and then begins and as a part of the same sentence the clause giving an option right to surrender the contract and reclaim the proportionate amount of premiums paid. There is not much to be said on the controversy. But we think the setting, context and sense of it all clearly lead to the conclusion reached by the Court of Appeals that the condition first stated has application to all features of that paragraph; that the surrender option only exists if payment of three full years' premiums has been made by the annuitant in his lifetime.

Petitioner here, for the first time apparently, now contends that the construction placed upon this contract by the Court of Appeals and now by us operates to forfeit by way of a penalty the payments which were made.

 It is contended that the beneficiary could maintain a suit in such a situation on the authority of Goodell v. Accumulative Income Corporation, 185 Minn. 213, 240 N.W. 534. See, also, Federal Land Bank v. Bridgeforth, 233 Ala. 679, 173 So. 66; World's Exposition Shows v. B. P. O. Elks, 237 Ala. 329, 186 So. 721. The contention is that she is entitled under the third agreement to recover at his death all premium payments which had been made by the annuitant, unless there was some condition in the contract which forfeited that right, and that the condition expressed to that end is but a penalty, and is void, and furnishes no barrier to a suit by her on that account. But no such claim has heretofore been made in this case, and it was not tried on any such basis as manifested by the opinion of the trial judge, set out in the brief of counsel for plaintiff on this petition, and the opinion of the Court of Appeals and the allegations of the complaint. It is therefore not before us for consideration.

We will pause, however, to observe that in the Goodell case, supra, there was no contingency as to the time of repaying the amounts which had been deposited, nor as to the amount to be repaid upon complying with the contract. But here the annuity was to begin August 1, 1950, and to continue during his lifetime, with certain contingent benefits to his wife after his death. It was not simply an investment trust as in the Goodell case, but a lifetime annuity. The contingency of the duration of his life was an important factor in fixing the terms of the contract. The difference in the two sorts of contracts goes to the essence of this question.

 Here the insurance company doubtless made its actuarial set up on the basis of the life expectancy of the annuitant after August 1, 1950. He may have kept up his payments until then and far outlived his expectancy thereafter. Such a hazard justified a hedge for the protection of the company. That was a consideration for the forfeiture of all rights if default occurred before the payment of three full years' premiums. The company agrees that after three full years' premiums have been paid, the annuitant has an election of rights: (1) to continue to pay until the annuity payments begin; (2) default in doing so, when a reduced amount of annuity payments will be made, unless (3) the annuitant elects to claim the amount of the premiums he has paid. These features assure him an annuity if three full years' premiums have been paid, and to extend during his life if he lives to August 1, 1950, or, if not, then the amount of the premiums paid is substantially all paid to the beneficiary. It has many features of life insurance contracts. Under such contracts premium payments may be

forfeited by stipulation. See 29 Am. Jur. 376 et seq.

 In contracts to purchase property on condition, with a stipulation to forfeit payments which have been made, if default occurs, such forfeiture does not justify an action at law for their recovery, but it is binding at law. Davis v. Folmar, 203 Ala. 336, 83 So. 60; Nelson v. Sanders, 123 Ala. 615, 26 So. 518.

Equity will sometimes relieve one of a forfeiture in order to do justice and adjust their respective rights. Catanzano v. Hydinger, 228 Ala. 547, 154 So. 588; Barton v. Broyles Stove & Furniture Co., 212 Ala. 658, 103 So. 854; Hunter-Benn & Co. v. Bassett Lumber Co., 224 Ala. 215, 139 So. 348; Shaddix v. Bilbro, 220 Ala. 657, 659, 127 So. 227.

We are in accord with the opinion and judgment of the Court of Appeals, and the writ of certiorari is denied.

Writ denied.

GARDNER, C. J., and BOULDIN and LIVINGSTON, JJ., concur.