Dorothy R. ZIMMERMAN, Plaintiff,

v.

The MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, a corporation, Defendant.

Civ. A. No. 8712.

United States District Court
N. D. Alabama, S. D.

Nov. 21, 1957.

590

Lipscomb, Brobston, Jones & Brobston, Bessemer, Ala., for plaintiff.

White, Bradley, Arant, All & Rose, Birmingham, Ala., and R. B. Donworth, Jr., Birmingham, Ala., of counsel, for defendant.

LYNNE, Chief Judge.

This is an action for declaratory judgment commenced by a citizen of Alabama in the Circuit Court for the Tenth Judicial Circuit of Alabama, Bessemer Division, and removed to this court by defendant, a New York corporation. The court finds that a case or controversy exists between the parties, and that the amount in controversy, exclusive of interest and costs, exceeds the sum of $3,000.

The facts were stipulated and are found as and to be facts as so stipulated. The essential ones are these: In 1923 the defendant issued to Sterling B. Ragsdale ("the Insured") its $10,000 endowment life insurance policy No. 3,192,051 ("the Policy") with provision for double indemnity for accidental death before maturity. The insured's wife, Mary G. Ragsdale, was named beneficiary. The beneficiary was plaintiff's mother. The insured died accidentally in 1934, whereupon the defendant became liable to pay the beneficiary $20,000 plus miscellaneous dividends and interest. Such dividends and interest were paid to the beneficiary in cash and are not involved in this case.

The $20,000 was disposed of as follows: $2,000 was paid to the beneficiary in cash. The next $10,000 was retained by defendant under its Supplementary Contract No. S.N. 8738, which it issued to the beneficiary in 1934 in accordance with her election of optional mode of settlement No. (2) contained in the Policy. S.N. 8738 called for monthly payments for 20 years certain to the beneficiary or, if she were dead, to the plaintiff if living. Defendant made the required payments to the beneficiary until she died in 1953, and thereafter to the plaintiff, who received the final payment in 1954. The disposition of the aforementioned sums totaling $12,000 is not involved in this case. It is the disposition of the remaining $8,000 that is the subject of this controversy.

That amount was and is being disposed of thus: Following the Insured's death, the beneficiary executed and delivered to defendant one of defendant's forms No. 4241. 7–34 (Ex. E attached to Stipulation), which was a form provided by defendant for the election by life insurance beneficiaries of optional modes of settlement. The first two paragraphs of that form provide that:

"The proceeds of this Policy, if payable in a single sum, may, if so elected by the person entitled to such proceeds, be settled by one of the following optional Modes of Settlement instead of being paid in one sum or being settled by any Mode of Settlement provided for in this Policy.

"The terms 'payee' and 'payees' as used herein shall refer to the person or persons on the continuance of whose life the Mode of Settlement elected depends."

And the form then provides for the election of:

"Option 1.

"By the Company's holding the proceeds as a principal sum payable at the death of the payee, the Company meanwhile paying monthly interest (with a final interest payment to the date of such death) at three per cent a year plus participation in excess interest at such rate as the Company may determine for each year."

On the reverse side of the form the beneficiary made the following election:

"I hereby elect that settlement of 8,000 of the net sum payable under Policy No. 3192051 shall be made by Mode of Settlement * I provided for in this form with Semi annual payments * of interest to Mary G. Ragsdale if living if not to Dorothy R. Meloy daughter in a like manner."

Dorothy R. Meloy is the same person as plaintiff, Dorothy R. Zimmerman.

Pursuant to the aforesaid election, the defendant issued to the beneficiary its Supplementary Contract No. S.N. 8737 (Ex. F attached to Stipulation), which provided essentially that defendant would hold the $8,000 to pay guaranteed and excess interest to the beneficiary for her life and thereafter to the plaintiff for the plaintiff's life if the plaintiff survived the beneficiary, and upon the death of the survivor of the beneficiary and plaintiff to pay the principal to the executors or administrators of that survivor. S.N. 8737 provided that the beneficiary could surrender it at any time and that "the rights of any subsequent payee shall be subject to such right." In 1936 the beneficiary did surrender her rights with

respect to $500 of the $8,000 held by defendant, and received the $500 in cash. This reduced the principal amount held by defendant to $7,500, which it still retains and on which it is now paying the required interest to plaintiff. The beneficiary died in 1953, leaving a last will and testament (Ex. A to the complaint) which named plaintiff as sole devisee and legatee.

## Discussion

Plaintiff, her mother's sole legatee and devisee, asserts that she is entitled to the aforementioned $7,500 outright because defendant's Supplementary Contract No. S.N. 8737 with the beneficiary constituted an attempted testamentary disposition by the beneficiary, void for want of compliance with the Statute of Wills. Defendant, to the contrary, contends that the relationship between its underlying Policy No. 3,192,051 and S.N. 8737 is such that the validity of S.N. 8737 is established by reference to the Policy under the law of life insurance, and that the Statute of Wills has no application. These contentions pose the only issue in the case.

Among the numerous authorities cited by both sides are: Wilhoit v. Peoples Life Insurance Company, 7 Cir., 218 F.2d 887; Mutual Ben. Life Ins. Co. v. Ellis, 2 Cir., 125 F.2d 127, 138 A.L.R. 1478, certiorari denied Eisenlord v. Ellis, 316 U.S. 665, 62 S.Ct. 945, 86 L.Ed. 1741; New England Mut. Life Ins. Co. v. Harvey, D.C.Mass., 82 F.Supp. 702; Aetna Life Ins. Co. v. Bartlett, D.C.Mass., 53 F.Supp. 1005; Kansas City Life Ins. Co. v. Rainey, 353 Mo. 477, 182 S.W.2d 624, 155 A.L.R. 168; Hall v. Mutual Life Insurance Company of New York, 282 App. Div. 203, 122 N.Y.S.2d 239, affirmed 306 N.Y. 909, 119 N.E.2d 598; Gram v. Mutual Life Ins. Co. of New York, 300 N.Y. 375, 91 N.E.2d 307; Toulouse v. New York Life Ins. Co., 40 Wash.2d 538, 245 P.2d 205; Pan-American Life Ins. Co. v. Peebles, 29 Ala.App. 534, 199 So. 880, Id., 240 Ala. 454, 199 So. 883; Lashley v. Lashley, 212 Ala. 255, 102 So. 229; Hall v. Burkham, 59 Ala. 349; Code of Alabama, 1940, Tit. 28, Sec. 4, and Tit. 47, Sec. 152(2).

█ Having considered the authorities, the court concludes and holds that a "supplementary contract" prescribing the disposition of policy proceeds pursuant to agreement between an insurer and a beneficiary must be sustained as valid and non-testamentary if its provisions are sufficiently close to those contemplated by the underlying insurance policy to warrant the conclusion that the "supplementary contract" is indeed "supplementary" to that policy, and not merely a totally unrelated document reflecting an agreement that could not reasonably be carried out under the terms of the policy. The plaintiff herself concedes as much, for her brief says that:

> "There is no doubt that where the supplementary contract is made pursuant to the terms of the original policy and one or more of the options are adopted as provided for in the policy of insurance; there can be no insistence, that a new contract has been effected, in violation of the Statute of Wills, and many supplementary contracts have been upheld * * *."

█ The court is aware that the issue herein might be resolved, perhaps not unjustly, by invoking various highly refined and technical subtleties that have evolved in the law pertaining to real and personal property, deeds, trusts, and gifts. Such an approach, not adopted by either side in this case, was rejected by the Appellate Division in the Hall case, supra (see 122 N.Y.S.2d at page 243), apparently because that court believed, as this court does, that the issue should be decided in the light of the public interest inherent in the insurance system, the continued general use of optional modes of settlement, the high probability that they do not present an evil at which the Statute of Wills is aimed, and the fact that seemingly settled and long comatose dispositions, many of which may aptly be labeled matters of property, should

not be irrevocably unsettled by retroactive action. In this case, therefore, the issue was posed and argued, whether S.N. 8737 was "supplementary" to the Policy as a matter of substance.

Defendant concedes that it need not prevail merely because the money, held under S.N. 8737 came from the Policy, and plaintiff concedes that not every difference between the Policy and S.N. 8737 will destroy the necessary connection between them. However, Plaintiff insists that S.N. 8737 disposes of the $8,000 in a manner not contemplated by the Policy because, as she contends, the strict wording of option No. (1) in the Policy forbids the continuation of that optional mode of settlement beyond the life of Mary G. Ragsdale. Defendant, conceding that S.N. 8737 does not strictly comport with the Policy in all respects, nevertheless contends that the import of Policy option No. (1), read in the light of certain applicable modifying language also contained in the Policy, is consistent with S.N. 8737. Defendant also contends that S.N. 8737 comports strictly with the terms of the beneficiary's election upon defendant's above-mentioned printed form, which the court finds as and to be a fact; that such form made available to the beneficiary, among other options, all of the identical options set out in the Policy, which the court also finds as and to be a fact; and that the beneficiary's choice on the printed election form of an option whose very deviation, if any, from the corresponding policy option is doubtful, should not be construed as an attempted testamentary disposition in the light of a claimed deviation that comes to be the subject of a close controversy between lawyers long after the fact.

■ Upon consideration of the facts, the documents, the briefs, and the oral arguments, the court is of the opinion that the provisions of Supplementary Contract No. S.N. 8737 must be regarded as sufficiently close and similar to the optional modes of settlement necessarily contemplated by the option clauses in the Policy that S.N. 8737 must be held to be a valid extension of the Policy within the contemplation of the Policy provisions, and the court so finds and holds.

Conclusions of Law

1. This court has jurisdiction of the subject matter of this action and of the parties thereto.

■ 2. Because the plaintiff is the sole legatee and devisee of the beneficiary, the plaintiff has standing to sue and is the real party in interest.

3. The defendant's Supplementary Contract No. S.N. 8737, issued to Mary G. Ragsdale, is a valid subsisting contract under whose terms the defendant is required to continue to hold the sum of $7,500 in accordance therewith.

4. The defendant's Supplementary Contract No. S.N. 8737 is neither void nor voidable for any reason.

5. Neither the execution and delivery to the defendant by Mary G. Ragsdale of the defendant's form No. 4241.7–34 (Ex. E attached to Stipulation), nor the making by Mary G. Ragsdale of the election evidenced therein, nor the issuance by defendant of its Supplementary Contract No. S.N. 8737 to Mary G. Ragsdale, nor her acceptance of the same, constituted an attempt by Mary G. Ragsdale to make a testamentary disposition of the residue of the insurance proceeds.

6. Judgment on the merits must be given for defendant.

7. This action must be dismissed with prejudice and the costs of court incurred herein taxed against plaintiff.

■ 8. Because plaintiff is the beneficiary's sole legatee and devisee, and because of Conclusion of Law 2, above, the judgment herein shall bind not only plaintiff, but also all persons, firms, and corporations by or through whom the claims herein adjudicated may hereafter be made on plaintiff's behalf or for her benefit.

Let judgment be entered in accordance with this opinion.