# ELLEN PHILLIPS v. DULUTH CASUALTY ASSOCIATION.[1]

## May 24, 1918.

## No. 20,846.

**Insurance — construction of policy — death from sickness.**

A policy of insurance giving accident and health indemnity construed to promise a death benefit when death resulted from sickness as well as when it resulted from accident.

Action in the district court for Itasca county upon an insurance policy to recover $105 upon defendant's policy, or in case that could not be had for $5 monthly benefit and the additional sum of $12 premiums paid after the cause of action accrued for sick benefits. The answer alleged that the policy did not provide for natural death benefit, but for accidental death benefit; that in accordance with paragraph 2 of the standard provision of the policy defendant was not liable for any parol agreement made with an agent of the company, and alleged that plaintiff made no claim that insured paid anything for such agreement if one was made; that the payment of the months of May and June, 1916, was tendered to plaintiff, but was refused by plaintiff and returned to defendant and was held by defendant subject to plaintiff's order. The case was tried before Cant, J., who made findings and ordered judgment in favor of plaintiff. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*James A. Wharton,* for appellant.

*H. W. Stark,* for respondent.

[1]Reported in 168 N. W. 9.

DIBELL, C.

This is an action by the beneficiary of Woodford Washington Phillips, now deceased, to recover upon an insurance policy issued to him by the defendant. It was tried to the court and resulted in a judgment for the plaintiff from which the defendant appeals.

The death of the insured came as a result of sickness. The policy was one of health and accident insurance and under certain conditions carried a death benefit of $100. The trial court, construing the policy, held that the beneficiary was entitled to the death benefit. The correctness of this holding is the only question.

By its terms the policy included as parts of the contract "the indorsements and attached papers." Attached or as a part of the policy was a copy of the application of the insured in which he named his wife, the plaintiff, as beneficiary and asked for a death benefit of $100, a weekly accident indemnity of $6, and a weekly sick indemnity of $4. Indorsed on the back of the policy as folded was the following:

"This policy provides indemnity for loss of life, limb, sight or time by accidental means, and for loss of time or life by sickness, to the extent herein provided."

The first page of the policy so far as here material is as follows:

Duluth Casualty Association

Duluth, Minn.

In consideration of * * * the application herefor, a copy of which is attached hereto, and the payment of the membership fee * * * hereby insures Woodford Washington Phillips, by occupation laborer, the person described in said application, hereinafter called the insured, beginning at noon this day, against loss from bodily injury caused solely by external, violent and accidental means, and beginning thirty days from this day against loss resulting from sickness, within the intent and meaning of this policy in force, subject to the provisions and conditions contained on the second, third and fourth pages hereof, which are made a part of this contract, and agrees to pay the benefits in the manner stipulated in the following table:

TABLE OF BENEFITS

| Weekly Indemnity | | | Benefits in Lieu of Weekly Indemnity | | | |
|---|---|---|---|---|---|---|
| Accident | Sickness | | Loss of Two Limbs or Two Eyes | Loss of One Limb | Loss of One Eye | Death Benefit |
| Age: 14-65 | Age: 14-55 | Age: 56-65 | | | | |
| $6.00 | $.... | $4.00 | $500.00 | $100.00 | $100.00 | $100.00 |
| —1— | —2— | —3— | —4— | —5— | —6— | —7— |

On the second page of the policy is the following specific provision in reference to death from accident:

"If injury as described on the first page hereof shall within ninety days from date of injury result in death of assured or in the loss of one or two limbs, or one or both eyes, the Association will pay one of the benefits stated in columns 7, 6, 5, or 4, in the schedule on page one hereof."

The terms and conditions of the contract are stated in much detail but we find no others which it is necessary to quote to give an understanding of the policy. There is nowhere a specific reference to death resulting from sickness except in the indorsement quoted.

It is the contention of the association that a death benefit is payable only when the death of the insured is caused by accident. The argument to that effect is pressed with considerable force, but, applying the appropriate rule of construction, we are convinced that it cannot be sustained. The language of the policy is that chosen by the defendant. It is just that it be bound by the construction which would naturally and reasonably be put upon it by one to whom it was offered. When in response to the application of the insured, asking for accident and health indemnity and a death benefit of $100, it tendered the policy in suit, it invited the understanding that a benefit of $100 followed death from sickness. Usually those in the walks of life where policies like this are most useful, and indeed almost anyone buying insurance, would so interpret it. Only a critical consideration, and that is not required in aid of the insurer, would bring a serious doubt. If not so interpreted some of the language used is ambiguous or actually misleading, as for instance the reference to a death benefit in the table of benefits and the statement relative to a death benefit in the indorsement. If the company did not wish such construction put upon its language it could have

avoided it by the use of a few plain words and not having done so it should pay the death benefit. The court correctly construed the policy.

Judgment affirmed.