(131 So. 551)

INTER–OCEAN CASUALTY CO. v. SCRUGGS.

8 Div. 264.

Supreme Court of Alabama.

Dec. 18, 1930.

196

Brickell & Johnston, of Huntsville, for petitioner.

Cooper & Cooper, of Huntsville, opposed.

FOSTER, J.

Petitioner urges that the Court of Appeals has not properly interpreted the contract of insurance in holding that, for death due to sickness not the result of accident, the liability should extend to the full amount of $500. She admits that a proper interpretation was given the clause providing for such amount in event of death by accident, provided such death occurred within thirty days after the accident, though the accident and death may have occurred within thirty days after the issuance of the policy. But petitioner contends that the policy also means that, if death results from sickness begun after the expiration of thirty days from the issuance of the policy, there is likewise a death benefit of $500. But we are not in agreement with petitioner in this respect.

The policy insures against bodily injuries caused by accident which shall result in loss to the extent of the benefits provided in sec-

tions B, C, and D. Section B provides for "Accident Benefits" so named. Section C provides for total disability due to accident. It also insures against disability and death from illness begun after thirty days from its issuance, as provided in sections G, H, and K. Sections G and H contain sick benefits only. Section K is for "Fatal Sickness and Funeral Benefits." So that, if the insured shall die after three months on account of illness begun as stated, this benefit is only $25; if after six months, $50; and after twelve months, $100.

It is named a funeral benefit. But, because so named, and because it is thought to be inadequate as a death benefit, that argument cannot have the effect of enlarging the amount of the stipulated liability. Suppose it is only a funeral benefit, it is the only benefit stipulated in the contract resulting from death occasioned by sickness not caused by an accident.

While insurance policies are construed most strongly against the insurer, which is supposed to draft its provisions, if the language is unambiguous, there is no occasion for construction. The policy in its nature may be termed an accident and health policy, such as is discussed in 6 Cooley's Briefs on Insurance (2d Ed.) p. 5277 et seq. It is similar in many respects to the case cited by that author of Phillips v. Duluth Casualty Ass'n, 140 Minn. 245, 168 N. W. 9, 10. But the points of difference seem to us to be controlling in the proper interpretation of the respective policies.

In the Phillips Case, supra, the provision for death from sickness is that it is subject to the provisions contained in the second, third, and fourth pages thereof (but those provisions are stated not to have any bearing upon that aspect of the liability we are now discussing), and in the same clause it is provided that the benefits are stipulated to be in the following table. The table which follows is headed: "Table of Benefits," and contains, among others, "Death Benefit $100.-00." There is nothing to indicate that this table does not apply alike to disability and death occasioned by sickness as well as by accident, whereas the policy we are considering is made to contain different sections fixing the liability for disability or death due to accident and such liability due to sickness not the result of accident.

In that case it is further said that, "if the company did not wish such construction put upon its language it could have avoided it by the use of a few plain words and not having done so it should pay the death benefit." We think that in this case the policy uses those "few plain words," not contained in that one.

Petitioner argues that the language of section Q and agreement No. 7 shed light upon the question. We admit that they concede that under certain circumstances there is a liability for disability and death caused by sickness of a nature not excepted. Those provisions create no such liability. That is otherwise provided, which they recognize, and which we have shown is clearly stated in the policy. The extent of that liability is not affected by section Q or agreement No. 7.

We agree with the opinion of the Court of Appeals, but, on account of the insistence of counsel for petitioner, we have thought it proper to make the foregoing additional observations.

Writ denied.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.