175 So. 258

## THE PRAETORIANS v. HICKS.

### 6 Div. 88.

Supreme Court of Alabama.

March 25, 1937.

Rehearing Denied June 24, 1937.

Mullins, Deramus & Stewart, of Birmingham, for appellant.

452

Bains & Saunders, of Bessemer, for appellee.

THOMAS, Justice.

The suit was upon a policy of accident insurance.

The provision of the policy to be applied is that contained in the clause designated as "Accident Benefits."

The agreed statement of facts shows that the accident and external injury for which suit was maintained, occurred on February 18, 1936, before the policy had been in force for one month, and that the resultant and immediate condition and injury causing the removal of the eye by a surgical operation was on March 18, 1936, more than one month after issue of the policy on February 7, 1936.

 The insistence by the appellee, that the condition and removal of the eye was within four months of the occurrence of the accident causing the injury, is not affected by the fact that the accident oc-

curred before the expiration of one month from the date the policy was issued. Under the established rule of construction of insurance policies, that ambiguous provisions of an insurance policy will be construed most strongly against the insurer when the same is open to construction, the insistence of appellee cannot, with reason, be maintained. The terms employed in the contract are plain, unambiguous, and susceptible of only one reasonable construction within the meaning of the contracting parties. Pennsylvania Fire Ins. Co. v. Malone et al., 217 Ala. 168, 115 So. 156, 56 A.L.R. 1075. In such a case policies of insurance are enforced according to their clear and unambiguous terms. Cherokee Life Ins. Co. v. Brannum, 203 Ala. 145, 82 So. 175; Penn Mut. Life Ins. Co. v. Fiquett, 229 Ala. 203, 155 So. 702; McGifford v. Protective Life Ins. Co., 227 Ala. 588, 151 So. 349; Home Ins. Co. v. Pettit, 225 Ala. 487, 143 So. 839; Northam v. Metropolitan Life Ins. Co., 231 Ala. 105, 163 So. 635; Protective Life Ins. Co. v. Hale, 230 Ala. 323, 161 So. 248; Alabama Gold Life Insurance Co. v. Thomas, 74 Ala. 578. In ascertaining the intent of the parties the language of the policy will be given its common interpretation, and only clauses which are uncertain will be construed favorably to the insured. Empire Life Insurance Company v. Gee, 178 Ala. 492, 60 So. 90.

This policy has, within the law, predicated liability upon the *occurrence of the accident or infliction of the injury* by the means indicated, after the stipulated period of one month from its issue, and prior to assured becoming 60 years of age. McConnell-White-Terry Realty & Ins. Co. v. Fidelity & Deposit Co. of Maryland, 212 Ala. 339, 102 So. 617.

The agreed statement of facts shows the injury, caused solely by external, violent, and accidental means, occurred within the one month period after issue of the policy, and before there was a coverage of the policy, of date February 18, 1936, the date of the happening of the external accident causing the injury to the eye of assured and requiring its removal.

In Empire Life Insurance Company v. Gee, 178 Ala. 492, 60 So. 90, and Inter-Ocean Casualty Co. v. Scruggs, 222 Ala. 195, 131 So. 551, the event insured against was the death of the assured. In the instant case it is the casualty "caused solely by

external, violent and accidental means" that was inflicted within the coverage of the policy.

The judgment of the circuit court is reversed. The submission being on the agreed statement of facts, a judgment is here rendered for appellant.

Reversed and rendered.

ANDERSON, C. J., and FOSTER and KNIGHT, JJ., concur.