308 So.2d 702

**Larry W. GREEN**

v.

**Walter M. MERRILL and Southern Fire and Casualty Company.**

**SC 734.**

Supreme Court of Alabama.

Feb. 20, 1975.

Dunn, Porterfield, McDowell, School & Clark and Thomas E. Baddley, Jr., Birmingham, for appellant.

London, Yancey, Clark & Allen, Birmingham, for appellee Southern Fire and Casualty Company.

**630**

HEFLIN, Chief Justice.

·This is an appeal from a judgment rendered by the Circuit Court of Jefferson County in a garnishment proceeding.

Larry W. Green, appellant, was seriously injured in an accident on Lay Lake when he was struck in the water by a motor boat operated by defendant-appellee Walter M. Merrill.

Subsequently a suit was filed by Green to recover damages for injuries sustained in the accident. In May 1971 a judgment was entered in his favor for $37,500.

Ten thousand dollars of this judgment was collected, and the balance remained unsatisfied. Garnishment was issued by Green against the Southern Fire and Casualty Company, which insured the defendant Merrill under comprehensive liability coverage in a homeowner's policy of insur-

ance. The Southern Fire and Casualty Company answered the garnishment "not indebted."

Green filed an affidavit contesting the insurer's answer. After a hearing before the trial court on the contest of the insurer's answer, a judgment was entered in favor of the insurance company. The trial court found that the insurance company was not indebted to Larry Green on the basis of the following exclusion contained in the subject policy:

"SPECIAL EXCLUSIONS

"Section II of this Policy does not apply:

\*    \*    \* .    \*    \*    \*

"(b) under Coverages E and F, to the ownership, maintenance, operation, use, loading or unloading of (1) automobiles \* \* \* (2) *watercraft* owned by or rented to an Insured, while away from the premises, *if with inboard motor power exceeding fifty horsepower,* or if a sailing vessel with or without auxiliary power and twenty-six feet or more in overall length; \* \* \*." (Emphasis added.)

The judgment of the trial court is affirmed.

The boat that ran over Green was an eighteen-foot Mercury Cruiser powered by a one hundred-fifty (150) horsepower engine. Green's expert witness, Robert Morris, described this boat as an "inboard-outdrive" boat. Mr. Morris also testified that there are basically three types of motor boats: (1) an outboard boat; (2) an inboard boat; and (3) an inboard-outdrive boat. According to this expert's testimony, the engine in an outboard boat is mounted completely outside the hull of the boat. In both the inboard and inboard-outdrive boats, however, the engine is located completely within the hull of the boat.

Green's expert further testified that the inboard-outdrive boat differs from the straight inboard boat in that the engine is

mounted to the transom at the very back of the boat, whereas, in the straight inboard boat the engine is located in the midship of the boat. Another difference is that in the inboard-outdrive boat the drive shaft is located outside the hull.

The trial court's finding that the boat in question was within the exclusions of the policy was based on the interpretation of the following phrase: "* * * if with inboard motor power exceeding fifty horsepower * * *." It was concluded by the trial court that this phrase referred to any type of watercraft where the power head or power source is located inside the craft.

The crucial issue presented to this court on appeal is whether or not Merrill's boat comes within the above-mentioned exclusion.

■ Green argues that when the language of an insurance policy is vague, uncertain, and subject to two different interpretations, the court should adopt the interpretation most favorable to the insured. While this is a correct statement of the law, it is not here applicable, because this court is not of the opinion that the language employed in the subject policy was uncertain, vague, or ambiguous. Where there is no ambiguity this court will not indulge in constructions favorable to the insured. Alabama Farm Bureau Mutual Casualty Insurance Co. v. Goodman, 279 Ala. 538, 188 So.2d 268 (1966); The Praetorians v. Hicks, 234 Ala. 451, 175 So. 258 (1937); Empire Life Insurance Co. v. Gee, 178 Ala. 492, 60 So. 90 (1912).

■ In construing the provisions of an insurance policy, the language contained therein must be given its common interpretation. As was stated by this court in Alabama Farm Bureau Mutual Casualty Insurance Co. v. Goodman, *supra*:

"It is the duty of the courts to take the words of an insurance policy as they are found in it, and as persons with usual and ordinary understanding would

construe them when used to express the purpose for which they were employed. Holloway v. State Farm Mutual Automobile Ins. Co., 275 Ala. 41, 151 So.2d 774; Franklin Life Ins. Co. v. Lewis, 36 Ala.App. 313, 55 So.2d 518."

The essential words in the subject policy are "watercraft * * * if with inboard motor power exceeding fifty horsepower * * *." There is no doubt that the watercraft in question was a boat with motor power exceeding fifty horsepower. The expert testified that the motor in an inboard-outdrive boat is located within the hull of the boat and that no part of the power unit is outside the hull of the boat.

■■ It is well settled that the terms of an insurance policy are to be given a rational and practical construction. Alabama Farm Bureau Mutual Casualty Insurance Co. v. Preston, 287 Ala. 493, 253 So. 2d 4 (1971); Globe Life Insurance Co. of Alabama v. Howard, 41 Ala.App. 621, 147 So.2d 853 (1962). Also, provisions of a policy which clearly indicate the parties' real intent are not to be given a strained construction to raise doubts where none exist. Chemstrand Corp. v. Maryland Casualty Co., 266 Ala. 626, 98 So.2d 1 (1957).

■■ In light of these rules, it appears that the only reasonable construction of this exclusion is that a boat with all of the motor power located within the hull and with a motor exceeding fifty horsepower is not covered under the policy. It must be remembered that the rule concerning ambiguities in insurance policies does not authorize this court to refine away the terms of the contract that are expressed with sufficient clarity to convey the intent and meaning of the parties. Northam v. Metropolitan Life Insurance Co., 231 Ala. 105, 163 So. 635 (1935); Protective Life Insurance Co. v. Hale, 230 Ala. 323, 161 So. 248 (1935).

The words used in the subject policy clearly reflect what was intended to be excluded. In Webster's Third New Interna-

tional Dictionary the word "inboard" when used as an adverb is defined as "inside the line of a ship's bulwarks or hull." When used as an adjective "inboard" is defined as "located, moving, or being inboard." An example given with this last definition is that of an "engine" being inboard.

Green, however, argues that the words "inboard motor power" are not commonly used in the boat trade to refer to a type of watercraft. It is contended by Green that to exclude his boat, the exclusion should have referred to an "inboard-outboard" boat. This court, however, is not of the opinion that failure to use a name commonly referred to in the trade makes the terms of the exclusion ambiguous. The terminology used by the insurer sufficiently described what type of boat was excluded from coverage. The insurer was not trying to exclude only one particular type of inboard boat, but any type of boat with the power source inboard. For the foregoing reasons this court finds no ambiguity in the words employed by the insurer in the subject policy.

The only other issue before this court is whether a subsequent policy of insurance should have been admitted into evidence. Green sought to introduce the subsequent policy to show that the insurer had changed the special exclusions so as to add an exclusion of "inboard-outboard" watercraft. This terminology, however, was not contained in the subject policy at the time of the accident.

Green's contention that the later policy should have been admitted is without merit. Since the trial court found that the terms of the exclusion were not ambiguous, subsequent acts and declarations of the parties are immaterial on the question of the construction of the policy. Hubert v. Sistrunk, 53 So. 819 (Ala.1910). Where there is no ambiguity in a contract, the determination of its meaning is a question of law and should be decided without resort to extrinsic evidence. Foster & Creighton

Co. v. Box, 259 Ala. 474, 66 So.2d 746 (1953).

Affirmed.

MERRILL, MADDOX, FAULKNER and SHORES, JJ., concur.

JONES, J., concurs in the result.

JONES, Justice (concurring in the result).

I concur in the result. I am not altogether certain that this case turns purely on a question of law. In my opinion, the words of exclusion used in the policy—"inboard motor power"—and the words used to describe this water craft—"inboard-outdrive"—are specialized trade terms and are not common to everyday language; therefore, a question of fact is presented for the trial Court's determination. The trial Judge's findings of fact and conclusions are amply supported by the evidence.