WRIGHT, Presiding Judge.
This is an action to recover attorney fees alleged due under a master surety contract. The Whatleys were sureties on a master surety agreement to a performance bond issued by USF&G. The circuit court granted summary judgment to USF&G and we affirm.
The master surety agreement was entered into in September of 1973 by USF&G, the Whatleys, and Engineering and Development Co., Inc. It contained the following relevant language;
“111(A) UNDERSIGNED [Whatleys] shall exonerate, indemnify, and keep indemnified SURETY [USF&G] from and against any and all liabilities, losses and expenses of whatsoever kind or nature (including but not limited to, interest, court costs and counsel fees) imposed upon, sustained, or incurred by SURETY by reason of: (1) SURETY having executed, provided or procured BONDS in behalf of PRINCIPAL, or (2) UNDERSIGNED’S failure to perform or comply with any of the provisions of this AGREEMENT. . . .

“V(C) In the event SURETY should file suit at law or in equity to enforce the terms of this AGREEMENT. SURETY shall be entitled to recover its own attorney’s fees and expenses in connection with such suit. . . . ”
Engineering and Development Co., Inc. defaulted and USF&G was sued on its bond. Trial was had in the Federal District Court of Alabama. USF&G brought the What-leys in as third party defendants. Plaintiff recovered judgment against USF&G. USF&G recovered judgment against the Whatleys, including costs and attorney fees of USF&G. The Whatleys appealed to the Fifth Circuit Court of Appeals. The judg *1110 ment against them in favor of USF&G was affirmed.
Subsequently USF&G filed an action in the Circuit Court of Montgomery County against the Whatleys claiming attorney fees and expenses incurred while defending the Whatleys’ appeal to the Fifth Circuit and collecting the judgment. The plaintiff moved for summary judgment with supporting affidavits. The defendants opposed summary judgment and filed an affidavit by L. G. Whatley.
In its motion for summary judgment, USF&G claimed the following amounts from the Whatleys, supported by affidavits from Robert A. Huffaker and James T. Upchurch, III, attorneys from Montgomery, and Fred C. Davant, an attorney from Miami, Florida:
$2,589.67 - Defending appeal of Federal District Court judgment to the Fifth Circuit Court of Appeals
$1,426.50 - Settlement and attorney fees in related suit by Associated Builders
$ 806.40 - Costs of execution on Alabama Federal District Court judgment in Florida
$ 562.47 - Attorney fees and expenses in obtaining judgment in Montgomery County District Court
$ 200.00 - Attorney fees incurred in filing and prosecuting present action in Mont-_ gomery County Circuit Court
$5,585.04
In defendants’ motion opposing summary judgment, they argued that there was an issue of material fact as to the construction of the master surety agreement. Mr. Whatley .filed an affidavit stating that the provision obligating him to indemnify USF&G for expenses of any “suit” was not intended by him to include actions to enforce judgments or appeals from judgments arising from such suit.” After grant of summary judgment to the plaintiff, defendants filed notice of appeal to this court.
On appeal the defendants raise two primary contentions. First of all they argue that the master surety agreement signed by them did not give the plaintiff a right to collect attorney fees incurred by the plaintiff defending appeal or enforcing a judgment. Secondly they contend that to award such fees and costs to the plaintiff is an enlargement of the original judgment, and thus should be prohibited in that any rights existing under the contract were merged into the original judgment prior to application for the fees.
In support of their first issue, defendants contend that the term suit does not as a matter of law include defending an appeal and enforcing a judgment. With this interpretation we cannot agree. In Gibson v. Elba Exchange Bank, 264 Ala. 502, 88 So.2d 163 (1955), our supreme court defined “suit” as “an attempt to gain an end by legal process.” The court further said that execution of a judgment is the final step in a suit at law. Gibson v. Elba Exchange Bank, supra. The defense of defendants’ appeal by plaintiff and enforcement of plaintiff’s judgment against defendants must be considered a part of “suit” within the meaning of the roaster surety agreement quoted heretofore. The language of the contract is actually much broader than that argued by defendants. Section IIIA allows plaintiff to be indemnified against any and all expenses of whatever nature incurred by reason of defendant’s failure to perform or comply with any provisions of the agreement. Mr. Whatley’s argument that his subjective understanding of the contract gives rise to an issue of fact is not well taken. Where there is no ambiguity in a contract, the determination of its meaning is a question of law and should be decided without resort to extrinsic evidence. Green v. Merrill, 293 Ala. 628, 308 So.2d 702 (1975).
Defendants’ second major contention is that a contractual provision for the payment of attorney fees is merged into the original judgment on the contract, and attorney fees cannot be afterward awarded for an appeal, because to do so would be to enlarge the original judgment. McCormick v. Falls City Bank, 57 F. 107 (C.A.7th). Defendants argue that if the federal courts cannot enlarge the original judgment, then state courts certainly cannot do so.
*1111 In 52 A.L.R.2d 863 the question of whether contractual provisions for attorneys’ fees include allowance for services rendered upon appellate review is considered. The general rule seems to be that when a contractual provision for attorneys’ fees exists in favor of a particular party and that party is successful on appeal after being successful in the trial court, additional attorneys’ fees are to be allowed for the appeal.
In Somerall v. Citizens’ Bank, 211 Ala. 630, 101 So. 429 (1924), citing the case of Alabama City, G. & A. Ry. Co. v. Kyle, 204 Ala. 597, 87 So. 191 (1920), the court allowed the holder of a note, in a second trial of a suit against the endorser, to recover attorney fees incurred in an appeal from the first trial. Recovery was allowed even though the plaintiff had lost the appeal and had its initial judgment reversed. Thus, the Alabama rule seems to agree with the general rule found at 52 A.L.R.2d 863 in allowing services rendered on appeal to come within contractual provisions providing for attorneys’ fees.
We agree with the honorable trial court that on the basis of the affidavits, deposition, and answers to interrogatories and requests for admissions, the plaintiff’s motion for summary judgment was due to be granted. There was no genuine issue as to any material fact, and the plaintiff was entitled to judgment as a matter of law.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.