Edwin Taber, Eddie Taber, Phillip Troup, and Rhanda Troup, all plaintiffs or defendants in a negligence suit, appeal from the grant of Nationwide Mutual Insurance Company's motion for summary judgment in this separate declaratory judgment action. The trial court found that, as a matter of law, Nationwide is under no obligation to provide a defense for Edwin Taber in the negligence action. We affirm the judgment.
On July 10, 1982, an automobile driven by Eddie Taber struck and injured Phillip Troup. Troup and his wife filed suit, naming as defendants Eddie Taber and his father Edwin Taber, the owner of the automobile. The Troups seek recovery from the father on the basis of negligent entrustment of the automobile to the son, an allegedly incompetent driver. Edwin Taber made a demand upon Nationwide, which carried an automobile liability insurance policy for him, to defend him on this claim. Thereafter, Nationwide filed this action to determine whether, under the policy, it must provide coverage for the accident and defend Edwin Taber.
At the time of the accident, Edwin Taber owned four vehicles other than the one driven by his son. The car involved was given by him to his son as a gift and was insured by Allstate Insurance Company, not Nationwide. The title to the car remained in Edwin Taber's name because it was mortgaged to his credit union.
The Troups and, presumably, the Tabers, who did not file a brief, contend that Nationwide is obligated under the terms of the policy to defend Edwin Taber on the claim against him and, if unsuccessful in its defense, pay the judgment. We are asked to construe a section of the policy which they claim supports their contentions. This section states as follows:
 "[T]he Company agrees with the Policyholder named in the attached Declarations which are made a part hereof:
". . . .
"C. PROPERTY DAMAGE BODILY INJURY — LIABILITY
 "To pay all sums which those entitled to protection become legally obligated to pay as damages arising out of the ownership, maintenance or use . . . of the described automobile. . . .
". . . . *Page 700 
 "(2) . . . Those entitled to protection under these Coverages . . . are (a) the Policyholder. . . ."
The Troups contend that the trial court erred in granting Nationwide's motion for summary judgment and finding that the policy was unambiguous as a matter of law and, therefore, did not provide coverage under this section. They assert that there is ambiguity in this section because the term "described automobile" is not defined in the policy. It is claimed that this term can be interpreted to mean an automobile covered by this policy, or an automobile owned by the insured, regardless of coverage. The Troups argue that a jury should have been allowed to determine which was the meaning intended.
We have studied their argument and the policy and hold that the trial court's finding that this section is unambiguous is correct. The policy was properly construed according to the applicable rules of law as stated in Green v. Merrill, 293 Ala. 628, 308 So.2d 702 (1975):
 "Green argues that when the language of an insurance policy is vague, uncertain, and subject to two different interpretations, the court should adopt the interpretation most favorable to the insured. While this is a correct statement of the law, it is not here applicable, because this court is not of the opinion that the language employed in the subject policy was uncertain, vague, or ambiguous. Where there is no ambiguity this court will not indulge in constructions favorable to the insured. Alabama Farm Bureau Mutual Casualty Insurance Co. v. Goodman, 279 Ala. 538, 188 So.2d 268 (1966); The Praetorians v. Hicks, 234 Ala. 451, 175 So. 258 (1937); Empire Life Insurance Co. v. Gee, 178 Ala. 492, 60 So. 90 (1912).
 "In construing the provisions of an insurance policy, the language contained therein must be given its common interpretation. As was stated by this court in Alabama Farm Bureau Mutual Casualty Insurance Co. v. Goodman, supra:
 "`It is the duty of the courts to take the words of an insurance policy as they are found in it, and as persons with usual and ordinary understanding would construe them when used to express the purpose for which they were employed. Holloway v. State Farm Mutual Automobile Ins. Co., 275 Ala. 41, 151 So.2d 774; Franklin Life Ins. Co. v. Lewis, 36 Ala. App. 313, 55 So.2d 518.'"
Green v. Merrill, 293 Ala. at 631, 308 So.2d at 704.
The term "described automobile," when "considered in relation to all other clauses and viewed in the light of the entire contract," clearly means only the automobiles insured under this policy. Miller v. Liberty National Life Insurance Co.,243 Ala. 250, 252, 9 So.2d 132, 133 (1942). There is a declaration sheet attached to the policy and expressly made a part of it, which describes and lists the automobiles covered. Giving the term its ordinary meaning within the context of the policy, "described automobile" clearly refers to those automobiles listed and described in the declaration.
This section is unambiguous as a matter of law. We will enforce it as it is written. Ranger Insurance Co. v. HartfordSteam Boiler Inspection and Insurance Co., 410 So.2d 40 (Ala. 1982). According to this section, Nationwide is only obligated to pay damages which arise out of the ownership or use of the "described automobile." The car involved in the accident is not listed in the declaration; it is not one of the "described automobiles." Under this section, Nationwide is not obligated to defend Edwin Taber, nor is it liable for any damages resulting from the entrustment.
The appellants have not directed us to any other provision of the policy which may bind Nationwide to provide coverage and a defense for Edwin Taber. The trial court appropriately granted Nationwide's motion for summary judgment on the grounds that, as a matter of law, the insurance contract unambiguously denied coverage.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur. *Page 701