**GENERAL AGENTS INSURANCE COMPANY OF AMERICA, INC., Plaintiff,**

v.

**Kathy Marie COMPTON as Administratrix of the Estate of Shiloh DeWayne Compton, deceased; Mud Creek Transportation, Inc., Defendants.**

**No. CV 95–B–0379–S.**

United States District Court, N.D. Alabama, Southern Division.

Feb. 29, 1996.

---

William A. Scott, Jr., Anthony N. Fox, Wayne Morse, Jr., Clark & Scott, Birmingham, AL, for General Agents Insurance Company of America, Inc., plaintiff.

Charles R. Crowder, Annesley H. Degaris, Annesley H. Degaris, Cory Watson Crowder & Petway, Birmingham, AL, for Kathy Marie Compton, as Administratrix of the Estate of Shiloh DeWayne Compton, deceased, and Mud Creek Transportation, Inc.

Frank Williams, Jr., Cullman, AL, for Mud Creek Transportation, Inc.

### MEMORANDUM OPINION

BLACKBURN, District Judge.

Currently before the court is the Motion for Summary Judgment and Alternative Motion for Judgment on the Pleadings or Summary Judgment filed by the plaintiff, General Agents Insurance Company of America, Inc., (hereinafter "GAINSCO"). GAINSCO initiated this cause by filing a complaint seeking a declaration that it has no obligation to provide a defense or indemnity to its insured, defendant Mud Creek Transportation, Inc.,

with respect to a liability claim. Defendant Kathy Marie Compton, as personal representative of her deceased, Shiloh DeWayne Compton, obtained a judgment in a lawsuit filed in the Circuit Court of Blount County, Alabama, styled *Kathy Marie Compton, as Administratrix of the Estate of Shiloh DeWayne Compton, deceased v. Chris Dale Tipton, et al.,* and number CV 93–197 ("Compton lawsuit"). Ms. Compton was a plaintiff, and Mud Creek was a defendant, in the Compton lawsuit. This declaratory judgment action was brought for a determination of the obligations of GAINSCO, as insurer, and the rights of Mud Creek, as named insured, and Ms. Compton, as judgment creditor, under a policy of insurance. Upon consideration of the record, the submissions of the parties, and the argument of counsel, the court is of the opinion that plaintiff is entitled to judgment as a matter of law.

## FACTUAL SUMMARY

GAINSCO entered into an insurance contract, policy number GP 569–003, with Mud Creek Transportation, Inc. in 1992, (hereinafter "Mud Creek"). (Plaintiff's Motion for Summary Judgment, Ex. A1 at 4).[1] The policy was effective November 12, 1992 and terminated on November 12, 1993. (Pl.Ex. A1 at 1). The insurance policy provided commercial automobile insurance for Mud Creek as documented on the policy's "Business Auto Coverage Form Declarations." (Pl.Ex. A1 at 10). Item two of the Business Auto Coverage Form Declarations states the following: "This policy provides only those coverages where a charge is shown in the premium column below. Each of these coverages will apply only to those 'autos' shown as covered 'autos.'" *Id.* Further, the policy's "Business Auto Coverage Form" states that the number "7" denotes that covered automobiles are "[o]nly those 'autos' described in ITEM THREE of the Declarations for which a premium charge is shown...." (Pl.Ex. A1 at 16). Item three of the GAINSCO policy's Business Auto Coverage Form Declarations states that the Schedule of Covered Autos is attached to the policy as Schedule CA 190–X (1–87). (Pl.Ex. A1 at 10). Schedule CA 190–X (1–87) lists by year model, trade name, and serial number those automobiles insured with GAINSCO by Mud Creek. (Pl.Ex. A1 at 33).

On July 31, 1993, Chris Dale Tipton, Mud Creek's alleged agent, was involved in an automobile accident with Shiloh DeWayne Compton. (Complaint ¶ 9). The vehicle Mr. Tipton was driving at the time of the accident was described in the traffic and accident report as year model, 1977; trade name, KW; serial number 253776M. (Pl.Ex. A2 at 1). The Schedule of Covered Autos of the GAINSCO policy which was issued to Mud Creek does not list the vehicle operated by Mr. Tipton as an insured vehicle. (*See* Pl. Ex. A1 at 33).

Mr. Compton sustained fatal injuries in the July 31, 1993 accident. Defendant in this case, Kathy Marie Compton, filed a civil suit in the Circuit Court of Blount County, suing in her capacity as administratrix of the estate of the deceased, Shiloh Compton. (Pl.Ex. A3 at 1). The case was styled *Kathy Marie Compton, Administratrix of the Estate of Shiloh DeWayne Compton, deceased v. Chris Dale Tipton, et al.* and numbered CV 93–197. (Pl.Ex. E). Ms. Compton amended her complaint on August 12, 1994 to include Mud Creek as a party defendant. (Pl.Ex. A3 at 2).

On August 16, 1994, Mud Creek was served with a copy of the "Summons and Complaint" in the Compton lawsuit. Depo. of Festus Allbright, p. 22.[2] On the same date, Mr. Allbright placed a telephone call to Liberty Truck Insurance Company and was informed by "someone" that Mud Creek "didn't have insurance on the vehicle involved in the Compton lawsuit." *See* Depo. Allbright, p. 22. Mr. Allbright did not disagree with the statement made by the Liberty Truck Insurance Company representative. *See* Depo. Allbright, p. 22.

An Answer to the Amended Complaint served on Mud Creek in the Compton lawsuit was filed by Mud Creek's attorney, Frank

---

**1.** Hereafter the exhibits to plaintiff's Motion for Summary Judgment will be designated Pl.Ex. ——).

**2.** Mr. Allbright is an officer of Mud Creek.

Williams, Jr., on September 2, 1994. *See* Pl.Ex. A3.

On January 25, 1995, Ms. Compton's counsel, Annesley H. DeGaris, wrote GAINSCO informing the insurer of the Compton action involving Mud Creek. (Pl.Ex. A4).[3] Notes to GAINSCO's adjuster's file dated January 27, 1995 indicate that GAINSCO received actual notice of the Compton action on that date. (Pl.Ex. A5).[4] On February 1, 1995, GAINSCO communicated with Festus Allbright, by letter, and informed him of the January 25, 1995 letter from plaintiff's counsel. (Pl.Ex. A7). GAINSCO also informed Mr. Allbright that GAINSCO was unaware of any loss suffered by Mud Creek and advised Mud Creek of its duties under the loss conditions of the automobile insurance policy in the event of accident, claim, suit, or loss. *Id.* GAINSCO informed Mud Creek that, as an insured, Mud Creek must "[a]ssume no obligation, make no payment or incur no expense without [GAINSCO's] consent, except at the insured's own cost." *Id.*

On February 6, 1995, Ms. Compton, plaintiff in the underlying state case, and defendant, Mud Creek, entered into a judgment by consent against Mud Creek in the amount of two hundred fifty thousand dollars, ($250,000), with an immediate assignment of rights in settlement of Ms. Compton's claims against Mud Creek. (Complaint ¶ 16); (Pl. Ex. D). Ms. Compton waived her right to collect the judgment against Mud Creek in exchange for an assignment of Mud Creek's right to proceed directly against plaintiff in this action. (Complaint ¶ 16); (Answer Mud Creek ¶ 16).

GAINSCO filed the instant complaint on February 14, 1995 requesting a declaratory judgment that it had no obligation to defend or indemnify Mud Creek in its suit against Ms. Compton. On February 22, 1995, GAINSCO agreed to provide Mud Creek with a defense under a reservation of rights and retained an attorney to appear for Mud Creek in the Compton action. (Pl.Ex. A9). GAINSCO's reservation of rights letter stated the following three reasons that coverage might be denied to Mud Creek under the GAINSCO policy. First, Mud Creek's policy was a " 'scheduled unit policy' " which required Mud Creek to list all vehicles to be covered under the policy on the declaration page of the policy. The vehicle driven by Mr. Tipton was not listed on the declaration page and was therefore not covered by GAINSCO. Second, GAINSCO's policy required Mud Creek to give prompt notice of any lawsuits. Mud Creek failed to provide prompt notice in direct violation of the policy. Third, the policy issued to Mud Creek contained a non-consent provision which required Mud Creek to assume no obligations, incur no expenses, and make no payments without GAINSCO's consent except at Mud Creek's own expense. GAINSCO stated that the February 6, 1995 settlement agreement entered into by Mud Creek under which Mud Creek assigned its right to proceed against GAINSCO to Ms. Compton was a direct violation of the non-consent provision of the policy. (Pl.Ex. A9 at 2–3).

Subsequently, on March 3, 1995, Judge William E. Hereford entered judgment in favor of Kathy Marie Compton, administratrix of the estate of Shiloh DeWayne Compton, deceased, and against Mud Creek, defendant, in the amount of two hundred fifty thousand dollars, ($250,000), to be executed against any available insurance proceeds. (Pl. 10 Ex. E).

## SUMMARY JUDGMENT STANDARD

Under FED.R.CIV.P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

---

3. The January 25, 1995 letter stated:

I represent the parents of Shiloh Compton who was killed in an accident involving an employee of your insured. It is my understanding **that you have not been informed of this claim.** Accordingly, by this letter, I am informing you of the claim that we are making against your insured and the fact that this matter is current- ly set for TRIAL on February 6, 1995. Please contact me immediately regarding this matter. (Emphasis added).

4. Defendant Kathy Marie Compton states in her Answer in this action, filed on March 14, 1995, that GAINSCO was contacted by her counsel by telephone and letter on January 25, 1995.

material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The party asking for summary judgment "bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir.1991); *see Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the nonmoving party has failed to present evidence in support of some element of his case on which he bears the ultimate burden of proof. *Celotex,* 477 U.S. at 322–23, 106 S.Ct. at 2552–53; *see* FED. R.CIV.P. 56(a) and (b).

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553. The nonmoving party need not present evidence in a form necessary for admission at trial; however, the nonmovant may not merely rest on the pleadings. *Id.*

After a properly made motion has been properly responded to, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c). Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552.

The substantive law will identify which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249, 106 S.Ct. at 2510. A judge's guide is the same standard necessary to direct a verdict: "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52, 106 S.Ct. at 2511–12; *see Bill Johnson's Restaurants, Inc. v. NLRB,* 461 U.S. 731, 745 n. 11, 103 S.Ct. 2161, 2171 n. 11, 76 L.Ed.2d 277 (1983). However, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986).

If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Anderson,* 477 U.S. at 249, 106 S.Ct. at 2510. (citations omitted); *accord Spence v. Zimmerman,* 873 F.2d 256 (11th Cir.1989). Furthermore, the court must "view the evidence presented through the prism of the substantive evidentiary burden," so there must be sufficient evidence on which the jury could reasonably find for the plaintiff. *Anderson,* 477 U.S. at 254, 106 S.Ct. at 2513; *Cottle v. Storer Communication, Inc.,* 849 F.2d 570, 575 (11th Cir.1988). Nevertheless, credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are the function of the jury, and therefore the evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor. *Anderson,* 477 U.S. at 255, 106 S.Ct. at 2513. The nonmovant need not be given the benefit of every inference but only of every reasonable inference. *Brown v. City of Clewiston,* 848 F.2d 1534, 1540 n. 12 (11th Cir.1988).

## Jurisdiction

In response to plaintiff's motion for summary judgment, Ms. Compton alleges that

this court lacks the authority to entertain a collateral attack on the judgment entered by the Circuit Court of Blount County in *Kathy Marie Compton, Administratrix of the Estate of Shiloh DeWayne Compton, deceased v. Chris Dale Tipton, et al.,* CV 93–197.

The court finds that it has jurisdiction [5] and that this action is not a collateral attack on the state court judgment. In her answer to the Complaint, Ms. Compton admitted that this court has jurisdiction. Further, this case does not seek to affect the validity of the consent judgment entered in the Compton lawsuit. Instead, it presents a different issue: What is GAINSCO's obligation under an insurance contract to its insured and a judgment creditor? That issue was not presented or decided in the Compton lawsuit. Also, GAINSCO was not a party in the Compton lawsuit and had no opportunity to be heard.

## GAINSCO'S MOTION FOR SUMMARY JUDGMENT

GAINSCO contends that it is entitled to summary judgment for four reasons: (1) the vehicle operated by Chris Dale Tipton, Mud Creek's alleged agent, was not owned by Mud Creek or listed in the GAINSCO policy's schedule of covered autos; (2) Mud Creek violated the policy prohibition against assuming an obligation except as its own expense; (3) Mud Creek failed to comply with the policy condition requiring it to send "suit papers" to GAINSCO "immediately";

and (4) Mud Creek failed to send GAINSCO "prompt notice" of the accident. Mud Creek filed no opposition to GAINSCO's motion for summary judgment.

■ As discussed below, GAINSCO is entitled to summary judgment and the declaratory relief sought. This court holds that no insurance coverage is provided for Mud Creek under the subject policy because: (1) the vehicle operated by Chris Dale Tipton was not listed in the policy's schedule of covered autos; and (2) Mud Creek violated a condition of the policy—the prohibition against assuming an obligation other than at its own expense—by causing a consent judgment to be entered in the Compton lawsuit which insulated Mud Creek's assets but allowed judgment and execution against any "insurance proceeds." In rendering summary judgment, this court does not base its decision on whether GAINSCO was provided with reasonable notice of the accident or the service of the amended complaint filed against Mud Creek in the action.[6]

### Scope of Insurer's Liability

#### Unscheduled Automobiles

■ This court will construe an insurance contract as it is written when its meaning is unambiguous and clear. *Southeastern Fire Ins. Co. v. Heard,* 626 F.Supp. 476, 477 (N.D.Ga.1985). It is the duty of the court to interpret the terms of an insurance contract

---

5. Jurisdiction exists in this court based on diversity of citizenship pursuant to 28 U.S.C. § 1332. Plaintiff is not a citizen of the state of Alabama for purposes of diversity jurisdiction. (Complaint 1 ¶ 1); (Answer by Compton 5 ¶ 1). Plaintiff is incorporated under the laws of the state of Texas and has its principal place of business located in that state. (Complaint ¶ 4). Defendants are all resident citizens of the state of Alabama. (Complaint 1 ¶ 2); (Answer Mud Creek ¶ 2); (Answer Compton ¶ 2); *see* 28 U.S.C. § 1332(c)(2) (regarding the state of citizenship of the legal representative of the estate of a decedent). Also, the amount in controversy exceeds fifty thousand dollars, ($50,000), exclusive of interest and costs. (Complaint 1 ¶ 3); (Answer Mud Creek ¶ 3); (Answer Compton 5 ¶ 3).

6. The court could have entered a judgment in favor of GAINSCO on the bases that Mud Creek failed to comply with the policy condition requiring it to send "suit papers" to GAINSCO immediately and failed to send GAINSCO "prompt

notice" of the accident. Mud Creek's duties to give "prompt notice" of the accident and to send suit papers "immediately" are mutually exclusive both under the policy and Alabama law. *Reeves v. State Farm Fire and Cas. Co,* 539 So.2d 252, 256 (Ala.1989). Mud Creek provided actual notice to GAINSCO eighteen months after the accident. While arguably GAINSCO received constructive notice eleven months after the accident when Mr. Allbright called Liberty Insurance Company, no evidence was offered by any party that Liberty Truck Insurance Company was GAINSCO's agent for that purpose. Furthermore, Mr. Allbright did not send GAINSCO or Liberty Truck Insurance Company the "suit papers" from Compton in August 1994, presumably because he agreed that no insurance coverage was provided; rather, GAINSCO received the Compton pleadings approximately six months later, and only a few days before the scheduled trial date.

in a rational and practical manner and only those clauses which are uncertain may be favorably construed for the insured. *Green v. Merrill*, 293 Ala. 628, 308 So.2d 702, 704 (1975); *Alabama Farm Bureau Mut. Casualty Ins. Co., Inc. v. Goodman*, 279 Ala. 538, 188 So.2d 268, 270 (1966). Additionally, the Alabama Supreme Court has held the following:

> In the absence of statutory provisions to the contrary, insurance companies have the same right as individuals to limit their liability, and to impose whatever conditions they please upon their obligations not inconsistent with public policy; and the courts have no right to add anything to their contracts, or to take anything from them.

*Goodman*, 188 So.2d at 270.

■ In this case, the automobile that was operated by Mr. Tipton at the time of his accident with Mr. Compton on July 31, 1993, was not listed on the Schedule of Covered Autos of GAINSCO's policy. (*See* Pl.Ex. A2 at 1) (listing the serial number of the automobile driven by Mr. Tipton at the time of the accident which is the subject of this action); (*see* Pl.Ex. A1 at 33) (listing the Schedule of Covered Autos under the GAINSCO policy.) Additionally, the Schedule of Coverages and Covered Autos listed as item two on the Business Auto Coverage Form Declarations states that only those automobiles which are shown as "covered 'autos'" obtain coverage under the policy. (Pl.Ex. A1 at 10).

In *Taber v. Nationwide Mutual Ins. Co*, 447 So.2d 698, 699 (Ala.1984), the relevant automobile liability policy obligated the insurer to pay all sums that an insured became liable " 'to pay as damages arising out of the ownership, maintenance or use . . . of the described automobile. . . .' " The court held that the term " 'described automobile,' " when considered along with the other clauses of the policy and when viewed in context with the entire contract, was unambiguous and extended coverage under the policy only to those automobiles found in the policy's declaration sheet which listed and described all of the automobiles covered under the policy. *Id.* at 700.

Likewise, the policy which is the subject of this action unambiguously states that the policy only insures automobiles shown as covered autos. (Pl. A1 at 10). The policy's Business Auto Coverage Form further lists nine designation symbols and states that the "symbols entered next to a coverage on the Declarations designate the only 'autos' that are covered 'autos'" under the policy. (Pl. A1 at 16). GAINSCO's policy with Mud Creek only lists symbol "7" under the covered autos column of the Business Auto Coverage Form Declarations. (Pl.Ex. A1 at 10). Symbol 7 corresponds to the following description of a covered automobile:

> SPECIFICALLY DESCRIBED "AUTOS." Only those "autos" described in ITEM THREE of the Declarations for which a premium charge is shown (and for Liability Coverage any "trailers" you don't own while attached to any power unit described in ITEM THREE).

(Pl.Ex. A1 at 16). Item three of the Declarations refers to Schedule CA 190–X–(1–87) for a description of covered automobiles under the policy. (Pl.Ex. A1 at 10). As previously stated, the automobile driven by Mr. Tipton is not listed on the item three schedule listing the covered automobiles, also referenced as Schedule CA 190–X–(1–87). (Pl.Ex. A1 at 33).

■ The automobile insurance policy between GAINSCO and Mud Creek clearly lists those automobiles which are covered by the policy. Under the plain terms of the policy, GAINSCO is not obligated to provide coverage for Mud Creek relating to the events which were the subject of the Compton lawsuit as none of the automobiles listed on Schedule CA 190–X–(1–87) were involved in the accident between Mr. Tipton and Mr. Compton.

### Entering of Consent Judgment

■ "If the insured effects a settlement with the injured person, without the previous consent of the insurer as required by the policy, the insurer is thereby released, unless otherwise excused, as for example, insurer withdraws or refuses to defend. . . ." 7C

JOHN ALAN APPLEMAN, INSURANCE LAW AND PRACTICE § 4714, at 521 (rev. ed. 1979).

In *Reeves v. State Farm Fire and Casualty Co.,* 539 So.2d 252 (Ala.1989) the son of the insured party fatally shot another person and the insurer refused to provide a defense in the subsequent wrongful death action. *Id.* at 254. The court noted that the attorneys in the wrongful death action reached a tentative settlement agreement prior to the time when the insurer was contacted and held that this fact, among others, suggested that the insurer should have been released from liability. *Id.* at 256. In *Reeves,* the court found that the insurer lost the opportunity to control the litigation process as a result of the settlement. *Id.*

In this case, the consent agreement entered into by plaintiff and the defendant-insured in the Compton lawsuit, shortly after GAINSCO received notice of the lawsuit, disadvantaged the insurer as it provided that the amount of the settlement, two hundred fifty thousand dollars, ($250,000), would be executed against Mud Creek's insurance proceeds and not against Mud Creek, the defendant-insured. (Pl.Ex. D at 2 line 6–25).

The insurance policy between GAINSCO and Mud Creek provided that in the event of an accident, claim, suit, or loss, the insured under the policy must not assume any obligations, make any payments, or incur any expenses without first obtaining GAINSCO's consent; otherwise, the insured would undertake such actions at its own expense. Mud Creek's act of entering into a settlement agreement with plaintiff in the Compton lawsuit without GAINSCO's consent, relieved GAINSCO of any liability with regard to the settlement under the clear terms of Mud Creek's insurance policy.

## CONCLUSION

The automobile driven by Chris Dale Tipton at the time of his collision with Shiloh DeWayne Compton was not a covered automobile under the GAINSCO insurance policy. Additionally, Mud Creek, when it entered into a settlement agreement with plaintiff in the Compton lawsuit, assumed an obligation under the loss conditions provision of the policy without GAINSCO's consent.

Therefore, under the plain terms of the policy, GAINSCO is not required to indemnify its insured Mud Creek for any settlement entered into between Mud Creek and Kathy Marie Compton in the Compton lawsuit. An order granting the plaintiff's motion for summary judgment will be entered contemporaneously with this Opinion.